MOORE, Judge,
concurring specially.
I concur with the main opinion that the Mobile County Department of Human Resources (“DHR”) did not present clear and convincing evidence of grounds to terminate the parental rights of C.S.B. (“the mother”).
In its final judgment, the juvenile court stated:
“[T]he mother is unable to properly care for the child, and the Court having previously found that she was unable due to mental limitations to care for the child properly, and no evidence has been offered to the contrary.”
The juvenile court apparently took judicial notice of a previous factual finding that the mental limitations of the mother prevented her from caring for the child arid placed the burden on the mother to prove that the mental limitation no longer existed. However, the law places the burden on DHR, as the party seeking a judgment terminating parental rights, to present clear and convincing evidence that the parent’s current conditions prevent the parent from properly caring for the child. See Ex parte T.V., 971 So.2d 1, 9 (Ala.2007). Thus, regardless of any previous factual finding based on conditions then existing, at the trial on the petition to terminate parental rights, DHR had to present clear and convincing evidence that the mother’s mental limitations still persisted and that they still prevented her from being able to properly care for the child.
As to the existence of the mother’s mental limitations, I agree with the dissent that expert testimony should not be required to prove an obvious mental deficit. 26 So.3d at 435 (Thomas, J., dissenting). *434 In this case, the juvenile court, as the fact-finder, could have been clearly and reasonably convinced, based on the mother’s disjointed and confusing responses to direct questions, that the mother suffers some lack of comprehension and communication skills evidencing a mental problem. In fact, the juvenile court did conclude that the mother had a mental disability, and, under the ore tenus standard of review, we must defer to that finding. See Ex parte McInish, [Ms. 1060600, Sept. 5, 2008] — So.3d —, — (Ala.2008).
However, under § 26-18-7, Ala.Code 1975, a juvenile court may not find a parent unable to discharge his or her parental responsibilities based on a mere finding that the parent has a mental limitation. The juvenile court may reach that conclusion only if it also finds, based on clear and convincing evidence, that the mental limitation is “of such duration or nature as to render the parent unable to care for [the] needs of the child.” Ala.Code 1975, § 26-18-7(a)(2). In this case, the juvenile court did find that, because of her mental disability, the mother was unable to properly care for the child; however, it did not base that finding on any evidence contained in the record. The record contains no evidence, much less clear and convincing evidence, indicating that the mother’s mental disability has ever or will ever prevent her from being able to care for the needs of the child.[2]
Apparently, DHR attempted to prove that the child has special needs that require care that is beyond the mental capabilities of the mother; however, the juvenile court thwarted those attempts by excluding the testimony of the psychologist who examined the mother and by ex-eluding the testimony of several witnesses regarding the needs of the child. I believe the juvenile court erred in those rulings, but DHR did not make any offer of proof or file a cross-appeal; therefore, we cannot hold the juvenile court in error as to those matters. 26 So.3d at 428 n. 1. Without the necessary evidence of the effect of the mother’s mental limitations on her ability to care for the child, we cannot affirm the judgment terminating the parental rights of the mother. Even under the ore tenus standard of review, we may affirm a judgment only if the factual findings underpinning that judgment are supported by sufficient evidence contained in the record. See Mclnish, supra.
That being said, I note that, by reversing judgment in this case, we are simply holding that DHR did not present sufficient evidence to support the judgment terminating the parental rights of the mother. We are not holding that the mother is entitled to custody of the child; that matter is not before us on this appeal.

. Any conclusion that the mother’s mental disability prevented her from caring for her previous child, as to whom the mother’s parental rights were terminated, would be mere speculation on our part because DHR presented no evidence as to the circumstances leading to that termination.